No. 3155.—GEORGE J. KELLER *v.* MATTHEW VERNON and Wife.

The wife is a competent witness to testify in a suit brought by a creditor of the husband to annul a judgment of separation of property between the husband and wife.

The correctness of a judgment of separation of property may (when attacked by a creditor of the husband) be established by evidence *aliunde.* Therefore, evidence, tending to show that the husband received from the wife funds derived by succession from the estate of one of her deceased relatives prior to her judgment of separation, is admissible to establish the validity of her judgment in a suit by the creditor to annul it.

APPEAL from the Seventh Judicial District, parish of Avoyelles· *Miller,* J. *A. B. Irion,* for plaintiff and appellee. *Waddill & Barlow* and *Thomas & Overton,* for defendants and appellants.

TALIAFERRO, J. The plaintiff, having obtained a judgment for a large sum against Matthew Vernon, one of the defendants, who had been his tutor, brought this action against both defendants to annul a judgment of separation of property decreed between them, and by which the plaintiff alleges they seek, collusively and fraudulently, to place beyond his reach the property of his former tutor, which is liable for the tutorship debt.

The wife put in a general denial. She avers the legality of her judgment against the husband, and pleads the prescription of one, two, three, four and five years.

The decree of the lower court annulled the judgment of separation of property and the notarial act of sale subsequently made by the husband, which purported to transfer property to the wife in satisfaction of her paraphernal claims, and recognized in favor of the plaintiff a legal tacit mortgage on certain lands enumerated in the judgment, and ordered the same to be seized and sold in satisfaction of the judgment. The defendant, Mrs. Vernon, prosecutes this appeal.

There are five bills of exceptions in the record. It is important that two of them should be examined at the outset. These relate to the introduction of evidence on the part of the wife to sustain the validity of her claims against her husband. When she presented herself to testify, the objection was raised that the wife can not be a witness for or against her husband. The objection, we think, was improperly sustained by the judge *a quo.* In this case, the contest is between the wife and a creditor who is attacking and seeking to annul her judgment of separation of property previously obtained against her husband. The husband and the wife were joined as defendants, and would seem to have separate interests. We think that, in the case presented, the wife should have been permitted to testify. In the second instance, she offered two witnesses to prove the receipt by her husband of a sum of money constituting paraphernal funds of hers, derived by succession from the estate of one of her deceased relatives. This was objected to on the ground that the judgment of separation of property was a

consent judgment, and therefore null; that if the wife's claims were well founded, she could not prove them to give vitality and force to the judgment.

It has long been settled that, while the law accords to the creditors of the husband ample scope for contesting the claims of the wife which stand · in their way when seeking to enforce their rights against the property of the husband, it also extends to her the equitable right of establishing all *bona fide* claims and privileges awarded to her by law against the estate of her husband. And in cases where, through defective proceedings, her judgment of separation of property proves inoperative, she has the right, when unable to use it as a shield to protect herself, to prove her claims *aliunde*. 14 An. 684; 15 An. 33; 15 An. 81; 17 An. 113.

We think the testimony should have been admitted, and on this ground the case must be remanded.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that this case be remanded to the court of the first instance to be proceeded with according to law, the plaintiff and appellee paying costs of this appeal.